IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALLEN LUND COMPANY, LLC, | ) | CASE NO. 3:18-cv-357 |
| Plaintiff, | ) | JUDGE: |
| vs. | ) | |
| CAPTAIN FREIGHT, LLC, | ) | **COMPLAINT** |
| Defendant. | ) | *(Jury Demand Endorsed Hereon)* |

Plaintiff Allen Lund Company LLC, ("**Allen Lund**") states as follows for its Complaint against Defendant Captain Freight LLC ("**Captain Freight**"):

## PARTIES

1. Allen Lund is a limited liability company organized under the laws of the State of California, with its principal place of business in La Canada, California.

2. Captain Freight is a limited liability company organized under the laws of the State of Ohio, with its principal place of business in Tipp City, Miami County, Ohio.

3. Allen Lund is a broker of property, operating in interstate commerce, and subject to the jurisdiction of and pursuant to a registration issued by the United States Department of Transportation, Federal Motor Carrier Safety Administration ("FMCSA") under MC-163523.

4. Captain Freight is a for-hire motor carrier of property, operating in interstate commerce, and subject to the jurisdiction of and pursuant to a registration issued by the FMCSA under MC-918699.

## JURISDICTION, VENUE, AND APPLICABLE LAW

5. This Court has jurisdiction over the subject matter of this action because Allen Lund's claims arise under federal law, and the transportation of the property at issue constitutes transportation in interstate commerce under 49 U.S.C. § 13102(14), (23) and 49 U.S.C. § 13501(1).

6. This case is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (the "Carmack Amendment"), because it concerns goods lost or damaged by a motor carrier during the interstate shipment of the goods.

7. Because this action is governed by 49 U.S.C. § 14706, and the matter in controversy for each receipt or bill of lading exceeds $10,000.00, exclusive of interest and costs, this Court has original jurisdiction over the claims under 28 U.S.C. § 1337(a). The Court also possesses supplemental subject matter jurisdiction over the Second Claim for Relief pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the United States District Court for the Southern District of Ohio under 28 U.S.C. § 1391(b)(1) and 49 U.S.C. § 14706(d)(1) as Captain Freight resides in this district.

**FACTS AND BACKGROUND**

9. Mr. Ryan Brooks ("Mr. Brooks") contacted Allen Lund to arrange for the transportation of a custom built racing boat (the "Racing Boat") owned by Mr. Brooks from Talon Custom Boats ("Talon" or the "Shipper") in Bellefontaine, Ohio (the "Talon Facility") to Mr. Brooks' boat broker, KMG Boats ("KMG"), in Lakeside, California.

10. On or about June, 5, 2018, Allen Lund, as a transportation property broker, engaged Captain Freight, in its capacity as a motor carrier, to transport the Racing Boat from the Talon Facility to KMG, a boat broker, and also a boat builder, maintenance, and repair company in Lakeside, California, with a pick up date of June 6, 2018, at the Talon Facility.

2

11. On or about June 6, 2018, prior to Captain Freight picking up the Racing Boat, Talon employees or agents loaded the Racing Boat onto a custom-built boat cradle.

12. Also on or about June 6, 2018, Captain Freight's employees or agents secured the Racing Boat in the cradle to a flatbed trailer. While the Racing Boat was located at the Talon Facility, Captain Freight secured it approximately one-third of the way from the front of the trailer bed and directly behind a raised portion of the trailer bed, and while leaving several feet of empty trailer behind the Racing Boat.

13. After the Racing Boat was secured, a bill of lading (the "BOL") was provided to and signed by Captain Freight's employee or agent, and the Racing Boat left the Talon Facility on the flatbed trailer being hauled by a Captain Freight tractor (collectively, the flatbed trailer and the tractor are referred to as the "Commercial Motor Vehicle" or "CMV").

14. Captain Freight's driver picked up the Racing Boat in good condition on June 6, 2018.

15. Captain Freight acknowledged receipt of the Racing Boat in good order and condition on the BOL. A true and accurate copy of the BOL is attached hereto as Exhibit A.

16. The BOL contains a notation that the trailer was loaded by the Shipper.

17. When the CMV left the Talon Facility, the Racing Boat was the only freight or cargo contained on the flatbed trailer.

18. Upon information and belief, a few days subsequent to June 6, 2018, a Talon employee saw the Racing Boat while travelling on the highway and took a video of the Racing Boat in transit.

19. Upon review of the video, the Racing Boat was secured to a different type of flatbed trailer (with a different license plate), in a different position from where it had been secured when

11684602 v2

it left the Talon Facility (at the far back end of the flatbed trailer), and was located on the new flatbed trailer with several other items of cargo or freight in the position that the Racing Boat had previously occupied.

20. Upon its arrival in Lakeside, California, various damages to the Racing Boat's body and motor were discovered (the "Damages").

21. Upon information and belief, the Damages occurred on or about June 7, 2018, when Captain Freight unloaded and reloaded the Racing Boat from one trailer to a different trailer.

22. Upon discovery of the Damages, Captain Freight was apprised of the Damages and an insurance claim was filed with Captain Freight's insurer; however, the insurance investigation prematurely ended on or about July 17, 2018, when Captain Freight informed its insurance adjuster that it would not participate in the investigation.

23. KMG submitted an estimate of Twenty-Five Thousand Dollars ($25,000.00) to repair the Damages to the Racing Boat (the "Repair Claim").

24. Mr. Brooks made a demand upon Allen Lund for the Repair Claim, and without admitting any liability, Allen Lund paid KMG the amount of Twenty-Five Thousand Dollars ($25,000.00), in exchange for Mr. Brooks' assignment of the Repair Claim to Allen Lund (the "Assignment").

25. Through the Assignment, Mr. Brooks assigned, transferred, set over, and conveyed the Repair Claim to Allen Lund, including to any claims, causes of action, and suits related to the Damages.

26. At all times relevant to the Complaint for the Damages, Captain Freight was in possession, custody, or control of the Racing Boat, and Captain Freight's acts and omissions were the direct and proximate cause of the Damages sustained by Mr. Brooks and Allen Lund.

11684602 v2

27. To date, Captain Freight has not paid any portion of the Repair Claim.

28. Consequently, Allen Lund has incurred damages in an amount to be proven at trial in excess of $25,000.00, including attorneys' fees and costs.

## COUNT I – LIABILITY UNDER THE CARMACK AMENDMENT

29. Allen Lund incorporates, by reference herein, the factual allegations in paragraphs 1 through 28.

30. Captain Freight agreed to transport the Racing Boat for Allen Lund from the Talon Facility in Bellefontaine, Ohio to KMG in Lakeside, California.

31. The Racing Boat was accepted by Captain Freight and left Bellefontaine, Ohio in good condition.

32. Upon information and belief, Captain Freight unloaded and reloaded the Racing Boat on or about June 7, 2018, causing damage to the Racing Boat.

33. Ultimately, the Racing Boat arrived in Lakeside, California in a damaged condition while in Captain Freight's possession, custody, and control.

34. Due to Captain Freight's failure to deliver the Racing Boat in good condition, Allen Lund has incurred damages in an amount to be determined at trial but in excess of $25,000.00.

35. Captain Freight is liable to Allen Lund, under the Carmack Amendment, 49 U.S.C. § 14706, for loss or damages to the Racing Boat in an amount to be established at trial in excess of $25,000.00.

## COUNT II – BREACH OF CONTRACT

36. Allen Lund incorporates, by reference herein, the factual allegations in paragraphs 1 through 35.

37. On behalf of Mr. Brooks, Allen Lund entered into a broker-carrier transportation contract (the "Contract") with Captain Freight, pursuant to which Captain Freight agreed to transport and deliver the Racing Boat in the same good order and condition in which it received the Racing Boat. (A copy of the Contract is not attached to this Complaint as the Contract contains commercially sensitive information and a confidentiality provision. Furthermore, Captain Freight is in possession of a copy of the Contract.)

38. Pursuant to the Contract, Captain Freight was obligated to indemnify and hold Allen Lund harmless from any claims arising out of its performance of the Contract.

39. Captain Freight breached the Contract by failing to ensure that the Racing Boat was safely transported from origin to destination and by failing to indemnify and reimburse Allen Lund in connection with the Repair Claim.

40. All conditions precedent to Allen Lund's right to recover under the Contract have been performed or have occurred.

41. As a result of Captain Freight's actions, Allen Lund was required to obtain legal counsel to institute this suit and enforce its rights. Pursuant to the Contract, Allen Lund is entitled to recover its attorneys' fees. Further, as stated above, all conditions precedent to Allen Lund's recovery of its attorneys' fees have been performed or occurred.

42. As a result of Captain Freight's breach of contract, and pursuant to the Assignment, Allen Lund was injured in an amount not less that Twenty-Five Thousand Dollars ($25,000.00) plus attorneys' fees and costs, and pre and post-judgment interest.

## RELIEF REQUESTED

WHEREFORE, Allen Lund, based on the foregoing factual allegations and applicable legal theories, whether stated herein above or determined at a later time based on the evidence presented at trial, respectfully requests a judgment providing the following:

1. Judgment in Allen Lund's favor and against Captain Freight as to Counts I and II of the Complaint;

2. Damages in Allen Lund's favor and against Captain Freight, in an amount to be proven at trial but believed to be in excess of $25,000.00, including attorneys' fees and costs;

3. Pre and post-judgment interest to the extent permitted by law; and

4. All other just and appropriate relief determined by the Court.

## REQUEST FOR TRIAL BY JURY

Allen Lund respectfully requests that all matters set forth in this Complaint and Jury Demand so triable be tried by before a jury, by the maximum number of jurors permitted by law.

Respectfully submitted,

*s/ Kelly E. Mulrane*
Marc S. Blubaugh (0068221)
Kelly E. Mulrane (0088133)
**BENESCH FRIEDLANDER**
**COPLAN & ARONOFF LLP**
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone:  (614) 223-9300
Facsimile:  (614) 223-9330
E-mail:  mblubaugh@beneschlaw.com
kmulrane@beneschlaw.com

*Attorneys for Plaintiff Allen Lund Company, Inc.*

**3945056**

| | | |
|---|---|---|
| Date: 6/6/18 | **BILL OF LADING** | Page 1 of ___ |

**SHIP FROM**
Name: Talon Custom Boats
Address: 227 Water Ave
City/State/Zip: Bellefontaine OH 43311
SID#: 3945054        FOB: ☐

Bill of Lading Number: 3945056

**SHIP TO**
Name: KMG Boats        Location #: ___
Address: 11641 Riverside Dr unit 107
City/State/Zip: Lakeside CA 92040
CID#: Kevin 619-733-0593    FOB: ☐

CARRIER NAME: Captain Freight LLC
Trailer number: ___
Seal number(s): ___
SCAC: ___
Pro number: 3945056

**THIRD PARTY FREIGHT CHARGES BILL TO:**
Name: Allen Lund Company transportation Brokers
Address: Andrew Baker
City/State/Zip: 800-727-5863

Freight Charge Terms: (freight charges are prepaid unless marked otherwise)
Prepaid ___  Collect ___  3rd Party ___

☐ (check box) Master Bill of Lading: with attached underlying Bills of Lading

**SPECIAL INSTRUCTIONS:** Speed Boat

**CUSTOMER ORDER INFORMATION**

| CUSTOMER ORDER NUMBER | # PKGS | WEIGHT | PALLET/SLIP (CIRCLE ONE) | ADDITIONAL SHIPPER INFO |
|---|---|---|---|---|
| 1 Speed Boat | 1 | 6000 | Y (N) | |
| | | | Y N | |
| | | | Y N | |
| | | | Y N | |
| | | | Y N | |
| | | | Y N | |
| | | | Y N | |
| **GRAND TOTAL** | | 6000 lbs | | |

**CARRIER INFORMATION**

| HANDLING UNIT | | PACKAGE | | WEIGHT | H.M. (X) | COMMODITY DESCRIPTION | LTL ONLY | |
|---|---|---|---|---|---|---|---|---|
| QTY | TYPE | QTY | TYPE | | | | NMFC # | CLASS |
| 1 | Boat | 0 | 0 | 6000 | | 1 Speed Boat 6000 lbs | | |
| | | | | 6000 lbs | | **GRAND TOTAL** | | |

Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows:
"The agreed or declared value of the property is specifically stated by the shipper to be not exceeding ___ per ___."

COD Amount: $ ___
Fee Terms: Collect: ☐  Prepaid: ☐
Customer check acceptable: ☐

**NOTE** Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. = 14706(c)(1)(A) and (B).

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request, and to all applicable state and federal regulations.

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

Shipper Signature

**SHIPPER SIGNATURE / DATE**
This is to certify that the above named materials are properly classified, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the DOT.

Trailer Loaded:
☑ By Shipper
☐ By Driver

Freight Counted:
☐ By Shipper
☐ By Driver/pallets said to contain
☐ By Driver/Pieces

**CARRIER SIGNATURE / PICKUP DATE**
Carrier acknowledges receipt of packages and required placards. Carrier certifies emergency response information was made available and/or carrier has the DOT emergency response guidebook or equivalent documentation in the vehicle. Property described above is received in good order, except as noted.

EXHIBIT A