UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ALLEN LUND COMPANY, LLC, | : | Case No. 3:18-cv-357 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| CAPTAIN FREIGHT, LLC, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF
FROM JUDGMENT (DOC. 16) AND DIRECTING CLERK TO VACATE BOTH
THE ENTRY OF DEFAULT (DOC. 10) AND DEFAULT JUDGMENT (DOC. 13)**

---

This case is before the Court on the Motion for Relief from Judgment (Doc. 16) filed by Defendant Captain Freight, LLC ("Captain Freight"). Plaintiff Allen Lund Company, LLC ("Allen Lund") filed a brief in opposition to Captain Freight's motion. (Doc. 17.) This matter is now ripe for the Court's review. For the reasons discussed below, the Court **GRANTS** the Motion for Relief from Judgment.

**I.    BACKGROUND**

On October 31, 2018, Allen Lund filed its Complaint. In the Complaint, Allen Lund alleges that Captain Freight caused damage to a racing boat when the boat was unloaded from one trailer and reloaded onto another trailer during a cross-country journey. Allen Lund makes two claims: liability under the Carmack Amendment and breach of contract.

Muslim Abbasov is the owner, founder, incorporator, and statutory agent of Captain Freight, an Ohio limited liability company. When Mr. Abbasov formed the company, he used his brother's home address of 1120 Senna Street, Tipp City, Ohio as the LLC's registered address,

and that is the address listed with the Ohio Secretary of State for Mr. Abbasov as Captain Freight's statutory agent. Mr. Abbasov had lived at that address at least at the time of incorporation, but has since moved out -- without updating the address for himself as Captain Freight's statutory agent. Captain Freight had also registered that same address as its business address with the Federal Motor Carrier Safety Administration, and it used that same address for its business correspondence for some time.

On November 1, 2018, a summons was issued to "Captain Freight, LLC c/o Muslim Abbasov, Statutory Agent" at the 1120 Senna Street address, and another summons was issued nine days later to Captain Freight at the same address. Mr. Richard D. Stevens attested that he served Amina Apatova with both the Summons and Complaint for Captain Freight and for "Captain Freight, LLC c/o Muslim Abbasov, Statutory Agent," and that Ms. Apatova accepted service.[1] (Doc. 17-8.) Additionally, Allen Lund requested that a Summons issue to "All American Agents of Process," which was Captain Freight's BOC-3 designated agent for service of process in Ohio.

On December 5, 2018, executed Summons for both "Captain Freight, LLC c/o Muslim Abbasov, Statutory Agent" and Captain Freight were filed with the Clerk. (Docs. 5, 6.) Two days later, an executed Summons for Captain Freight, LLC c/o All American Agents of Process" was filed with the Clerk. (Doc. 8.) On January 11, 2018, after Captain Freight's answer deadline for service on All American Agents of Process, Allen Lund applied to the clerk to enter a default against Captain Freight. (Doc. 9.) On January 14, 2019, the Clerk made an Entry of Default. (Doc. 10.)

---

[1] This is disputed by Ms. Apatova. (Doc. 16-2.)

Allen Lund later filed a motion for default judgment, which this Court granted on February 19, 2019. (Docs. 12, 13.) On February 22, 2019, Allen Lund filed a Certificate of Judgment with the Miami County Court of Common Pleas. (Doc. 17-12.) Allen Lund issued several bank garnishments in its Miami County action in March of 2019. (*Id.*)

On March 19, 2019, Captain Freight filed the Motion for Relief from Judgment that is now before the Court. (Doc. 16.) In an affidavit attached to the motion, Mr. Abbasov testified that: (a) by November 2018, Captain Freight was no longer active; (b) Ms. Apatova (his sister-in-law) is not connected to Captain Freight in any way; (c) Ms. Apatova was not on speaking terms with him at the time that she allegedly received the summons; (d) Ms. Apatova never gave him a copy of the summons or complaint or otherwise made him aware of this lawsuit; (e) All American Agents of Process never served him with any summons or complaint, and he has not heard anything from All American Agents of Process since Captain Freight's motor carrier license was deactivated (before November 2018); and (f) the first time that he became aware that there was a lawsuit against Captain Freight was the week before Captain Freight filed the motion at issue, when he found out that Captain Freight's bank account was being garnished because of the default judgment. (Doc. 16-1.)

In its motion, Captain Freight asserts that Mr. Abbasov was never personally served with the Summons or Complaint, and that Mr. Abbasov only became aware of this lawsuit when his bank called him to alert him that Captain Freight's account was being frozen because of a garnishment. (Doc. 16.) Captain Freight also stated in its motion that, if given the opportunity, it will assert valid defenses to Allen Lund's claims, a counterclaim for non-payment, and a third-party claim against the company that loaded the boat in question onto the transport frame. (*Id.* at

3

PAGEID #54, 61). Captain Freight moves for relief from judgment, *i.e.*, to set aside the default judgment, pursuant to Fed. R. Civ. P. 60(b)(1), (4), and (6). (*Id*. at PAGEID #53.)

## II. ANALYSIS

### A. Framework for Motion for Relief from Judgment Under Rule 60(b)

"In considering a motion to set aside entry of a judgment by default a district court must apply Rule 60(b) equitably and liberally to achieve substantial justice." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983) (internal quotation marks removed). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *Id*. at 845. "Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments." *Id*. at 846, citing *Rooks v. Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959) (per curiam). "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id*. Additionally, "the court should construe all ambiguous or disputed facts in the light most favorable to the defendant, [and] any doubt should be resolved in favor of the defendant." *INVST Fin. Grp. v. Chem-Nuclear Sys.*, 815 F.2d 391, 398 (6th Cir. 1987) (internal quotation marks omitted). The Sixth Circuit has called default judgment a "harsh sanction" and stressed that "[t]rials on the merits are favored in federal courts." *United Coin Meter*, 705 F.2d at 846.

Where a court has entered judgment on a default, a court may set aside that judgment in accordance with the grounds laid out in Rule 60(b). *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 432 (6th Cir. 1996). Where Rule 60(b) is invoked to set aside a default judgment, the court must both (1) find that one of the specific requirements of Rule 60(b) is met, and (2) consider the Fed. R. Civ. P. 55 equitable factors as enumerated in *United Coin Meter*. *Thompson*, 95 F.3d

4

at 433. Rule 60(b) provides in pertinent part:

> "**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason that justifies relief."[2]

Fed. R. Civ. P. 60(b). The three equitable factors enumerated in *United Coin Meter* are (1) whether culpable conduct of the defendant led to the default; (2) whether the plaintiff will be prejudiced by setting aside the judgment; and (3) whether the defendant has a meritorious defense. *United Coin Meter*, 705 F.2d at 845; *Thompson*, 95 F.3d at 432.

Regarding the first equitable factor, "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Thompson*, 95 F.3d at 433, quoting *INVST Fin. Grp.*, 815 F.2d at 399. "Carelessness is not enough." *Orrand v. Osmic Erectors*, No. 97-3124, 1998 U.S. App. LEXIS 1318, at *6 (6th Cir. Jan. 27, 1998).

Regarding the second equitable factor, "[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin Meter*, 705 F.2d at 845. "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson*, 95 F.3d at 433-34.

Regarding the third equitable factor, "if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter*, 705 F.2d at 845. "The

---

[2] Fed. R. Civ. P. 60(b)(6) "applies in exceptional or extraordinary circumstances which are not addressed in the first five numbered sections of the rule." *Thompson*, 95 F.3d at 433 (internal quotation marks omitted).

key consideration is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *INVST Fin. Grp.*, 815 F.2d at 399 (internal quotation marks omitted).

> **B. The Court Will Set Aside the Default Judgment Against Captain Freight, in Accordance with Rule 60(b) and Sixth Circuit Precedent**

Although much of the parties' briefing concerned whether Allen Lund properly served Captain Freight, the Court finds grounds to set aside the default judgment regardless of whether there was valid service. In its opposition brief, Allen Lund argued that "Captain Freight fails to assert any facts or advance any legal argument relating in any way to Fed. R. Civ. P. 60(b)(1), or (6), and, as a consequence, Allen Lund has drafted its opposition only towards the arguments actually raised pursuant to Fed. R. Civ. P. 60(b)(4)." (Doc. 17 at PAGEID #64.) The Court disagrees that Captain Freight failed to assert any facts or advance any legal argument relating in any way to Fed. R. Civ. P. 60(b)(1) or (6).

The overriding factor in the Court's decision is its interest in trying this case on its merits, in accordance with the Sixth Circuit's guidance set forth above (*supra* II. A.). See *Thompson*, 95 F.3d 429 (affirming decision to set aside default judgment where, despite the possibility that the defendant had been properly served, the defendant asserted that it was not notified of the pendency of the suit and that it had a defense). Applying the framework from *Thompson*, as well as the mandate from *United Coin Meter* to resolve any doubt in favor of setting aside the judgment, the Court finds that Captain Freight's motion should be granted.

First, looking to the Rule 60(b) determination, Captain Freight established surprise under subsection (1). *Thompson*, 95 F.3d at 433 (defendant corporation "clearly established surprise, as its agent attested that American Home was unaware that a lawsuit had been filed until after the

6

default judgment had been entered"). As discussed above, Captain Freight was not aware of the litigation until the week before filing the present motion, after the default judgment had been entered. Allen Lund does not show otherwise. As in *Thompson* (which likewise involved a defendant corporate entity), "assuming *arguendo* that service of process…was [valid or] acceptable in these circumstances, the lack of actual notice of a lawsuit is a sufficient reason for the district court to set aside a judgment under Rule 60." *Thompson*, 95 F.3d at 433, citing *Rooks*, 263 F.2d at 168 (where process was properly served at defendant's residence but was never received by the named defendant but rather was passed by his wife to his business manager, who mistook it for a suit involving defendant's corporation, default judgment was properly set aside).

Next, regarding the first of the Rule 55 equitable factors enumerated in *United Coin Meter*, Captain Freight demonstrated no "intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Thompson*, 95 F.3d at 433. Mr. Abbasov testified in his affidavit that the first time he became aware of the lawsuit was the week before Captain Freight filed the motion at issue, when he found out that Captain Freight's bank account was being garnished because of the default judgment. (Doc. 16-1 at PAGEID #60-61.) "Carelessness is not enough" to find culpable conduct, and Captain Freight's haste in acting to set aside the default judgment counters a finding that "culpable conduct" led to the default here. *Orrand*, 1998 U.S. App. LEXIS 1318, at *6.

Regarding the second factor, there is no indication of prejudice to Allen Lund beyond delay, which is insufficient. *Thompson*, 95 F.3d at 433-34. Regarding the third factor, Captain Freight says that, if given the opportunity, it will assert valid defenses, a counterclaim for non-payment, and a third-party claim against the company that loaded the boat in question onto the

transport frame. (Doc. 16 at PAGEID #54, 61.) As referenced above, the Sixth Circuit has said that "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter*, 705 F.2d at 846. Given the allegations and claims at issue, Captain Freight's arguments and defenses concerning the merits of Allen Lund's claims could be successful, and it is in the interest of justice that Captain Freight have an opportunity to defend against the claims. *Id.* at 845 (finding "meritorious defense" where defendant argued that a third party had damaged the property during transportation of personal property). The Court finds that "there is <u>some possibility</u> that the outcome of the suit after a full trial will be contrary to the result achieved by default." *INVST Fin. Grp.*, 815 F.2d at 399 (emphasis added).

Therefore, the Court finds that Captain Freight's motion for relief from judgment should be granted and that the default and default judgment against Captain Freight should be set aside. Fed. R. Civ. P. 60(b). Although the Court sympathizes with Allen Lund given its extensive efforts to properly serve Captain Freight and Captain Freight's careless failure to update its service address, the interests of justice call for the default judgment to be set aside and the case to proceed on its merits.[3] *United Coin Meter*, 705 F.2d at 846.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant Captain Freight's Motion for Relief from Judgment (Doc. 16). The Court directs the Clerk to vacate both the Entry of Default (Doc. 10) and the Default Judgment (Doc. 13.). Given the circumstances, and that the Court may grant relief on "just terms," vacating the default judgment is conditioned on Captain

---

[3] It should go without saying that Captain Freight should, at the very least, update its agent/registrant information with the State of Ohio.

Freight's agreement to accept service on its attorney. Fed. R. Civ. P. 60(b); *Nature's First, Inc. v. Nature's First Law, Inc.*, 436 F. Supp. 2d 368, 377 (D. Conn. 2006) (vacating default judgment and requiring defendant to accept service on its attorney). Allen Lund shall serve Captain Freight's attorney with the Complaint, Captain Freight's attorney shall accept service of the Complaint, and Captain Freight will then have 14 days from service to file an Answer or otherwise respond to the Complaint.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, May 6, 2019.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE